*A. A. Wilder* and *C. C. Bitting* (*Thompson, Clemons & Wilder* on the brief) for defendant.

---

## HELEMANO LAND COMPANY, LIMITED, v. C. M. V. FORSTER, TRUSTEE, AND WAIALUA AGRICULTURAL COMPANY, LIMITED.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 24, 1910.          DECIDED, OCTOBER 5, 1910

### HARTWELL, C.J., PERRY AND DE BOLT, JJ.

TENANCY IN COMMON—*lease by one cotenant—other may ratify or repudiate.*

A tenant in common, where a lease has been executed by his cotenant without his knowledge or consent, may ratify the lease and claim his share of the benefits under it, or repudiate it and assert his rights against the lessee. He cannot do both, and having once made his election he is bound.

OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the complainant from a decree sustaining a demurrer to the bill. The demurrer was interposed by the respondent Forster. The Waialua Agricultural Company answered, admitting the facts alleged in the bill, and also stated that it "stands ready and willing to perform and abide by such order and decree herein as the court shall deem meet."

The bill alleges, in substance, that complainant and Forster are tenants in common of certain land; that Forster's predecessor in title leased the land to the Waialua Agricultural Company for a term of fifty years from January 1, 1899, at a certain rental; that the lessee went into possession of the entire land and has since retained the possession; that complainant's predecessor in title, John Emmeluth, brought an action to quiet title to the land against Forster and the Waialua Agricultural Company, in which action Emmeluth was, on September 29, 1909, adjudged the owner of an undivided one-half interest in the land and entitled to the immediate use and possession thereof, and Forster was adjudged the owner of the remaining undivided one-half interest, but the Waialua Agricultural Company was adjudged to be entitled to the immediate use and possession of the undivided one-half interest owned by Forster; that Forster collected all the rent from August 17, 1904, until July 1, 1905; that the Waialua Agricultural Company from July 1, 1905, to July 1, 1909, withheld one-half of the rent, and during the same period paid the other one-half to Forster; and that Forster refuses to pay any portion of the rent to complainant.

The prayer is that complainant's rights be ascertained and declared; that Forster be directed to account for all rents collected; that the Waialua Agricultural Company be directed to account for all rents remaining in its hands, and that it be directed to pay complainant out of the rents hereafter falling due one-half thereof.

The demurrer alleged various grounds, but the one particularly relied upon was, that complainant had a full, adequate and complete remedy at law, in an action against the Waialua Agricultural Company for mesne profits.

This was a proper ground of demurrer as the facts disclosed by the bill do not present a case for equitable relief.

Forster contends, and we think correctly, that the action to quiet title, brought by Emmeluth, operated as a repudiation of the lease as to the undivided one-half interest in the land now owned by complainant, and that the only remedy now open to complainant is to proceed against the Waialua Agricultural Company in some appropriate action.

We are bound to assume that the judgment obtained by Emmeluth was responsive to the action which he brought, and this being true, the position which he thereby voluntarily assumed, was necessarily inconsistent with any claim he, or his successor in title, might thereafter make under the lease, and being so, it operated as a repudiation of the lease.

A tenant in common, where a lease has been executed by his cotenant without his knowledge or consent, may ratify the lease and claim his share of the benefits under it, or repudiate it and assert his rights against the lessee. He cannot do both, and having once made his election he is bound. 17 Am. & Eng. Ency. Law, 673, 674.

The decree appealed from is affirmed.

W. A. Greenwell (Castle & Withington on the brief) for plaintiff.

C. H. Olson (Holmes, Stanley & Olson on the brief) for C. M. V. Forster.

A. L. Castle filed a brief for Waialua Agricultural Company, but did not appear personally.